IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00204-WCM

PATRICK ERNEST SNEED,  )
                       )
            Plaintiff, )
                       )   MEMORANDUM OPINION
v.                     )   AND ORDER
                       )
COMMISSIONER OF THE SOCIAL )
SECURITY ADMINISTRATION,   )
                       )
            Defendant. )
_____)

This matter is before the Court on Plaintiff's Motion for Summary Judgment and the Commissioner's Motion for Judgment on the Pleadings, which the Court construes as a motion for summary judgment (Docs. 12, 14).[1]

I. Procedural Background

In December of 2017, Plaintiff Patrick Ernest Sneed ("Plaintiff") filed an application for disability insurance benefits alleging disability beginning January 17, 2017. Transcript of the Administrative Record ("AR") at 155-156; AR 16.

On August 14, 2019, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued

---

[1] The parties have consented to the disposition of this matter by a United States Magistrate Judge. Doc. 10.

1

an unfavorable decision. AR at 13-32. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "rheumatoid arthritis, spine disorder, and joint disorder" and nonsevere impairments of "hearing loss, hypertension, and diabetes." AR at 18. After determining that Plaintiff's impairments did not meet or medically equal one of the listed impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform light work . . . except he is never able to climb ladders, ropes and scaffolds, and he is limited to frequent handling.

AR at 20.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 26-28.

## III. Plaintiff's Allegations of Error

Plaintiff contends that the ALJ failed to weigh the opinion of Dr. Najeem Ghaussey (AR 502-506) properly and failed to account for Plaintiff's non-severe hearing impairment when developing Plaintiff's RFC.

2

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff

is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

In developing a claimant's RFC, the ALJ must consider the limitations and restrictions imposed by all of a claimant's impairments, even those impairments that are not severe. SSR 96-9p, 1996 WL 374184, at *5 (July 2, 1996) ("[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.' While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may—when considered with limitations or restrictions due to other impairments—be critical to the outcome of a claim"); Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015) ("To make this [RFC] assessment, the ALJ must 'consider all of the [the claimant's] medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two") (quoting 20 C.F.R. § 416.945(a)(2)); Anders v. Colvin, No. 1:13–cv–284–GCM, 2015 WL 4656291, at *5 (W.D.N.C. Aug. 6, 2015) ("Regardless of his finding that Mr. Anders' GI problems constituted a non-severe impairment, the ALJ was required to address the Plaintiff's GI problems when assessing his RFC").

4

Case 1:20-cv-00204-WCM   Document 16   Filed 10/05/21   Page 4 of 7

Here, the ALJ found that Plaintiff had the "non-severe" impairments of hearing loss, hypertension, and diabetes, and stated that there was "no evidence" that these impairments "resulted in significant, lasting complications" and that the "overall evidence" indicated that these impairments did not result in "any significant work related limitations." AR at 18.

With respect to hearing loss, however, a state agency medical consultant, Dr. Dakota Cox, found that Plaintiff had certain environmental limitations. AR 86. Specifically, Dr. Cox concluded that Plaintiff should, among other things, "avoid even moderate exposure" to noise. Id. The ALJ found Dr. Cox's opinion in this regard to be unpersuasive and stated that it was "inconsistent with the overall medical record, which instead reveals that the claimant's hypertension and hearing loss are nonsevere impairments and thus do not warrant any limitations in his residual functional capacity." AR 24. Significantly, although the ALJ cited specific evidence regarding Plaintiff's hypertension, the ALJ did not reference evidence regarding Plaintiff's hearing loss. See AR 23 (citing 657 (reflecting hypertension within normal limits)).[2]

---

[2] Similarly, the ALJ cited specific evidence regarding Plaintiff's diabetes, which the ALJ considered to be a non-severe impairment. See AR 23 (citing AR 561 ("significant weight loss intentionally has helped diabetes management")).

An ALJ may reasonably determine that a non-severe impairment does not create a functional limitation on a claimant's ability to work. See Perry v. Colvin, No. 2:15-CV-01145, 2016 WL 1183155, at *5 (S.D.W. Va. Mar. 28, 2016) ("although some consideration is required, there is no requirement that the RFC reflect a claimant's non-severe impairments to the extent the ALJ reasonably determines such impairments do not actually create functional limitations on a claimant's ability to work").

Here, Dr. Cox concluded that some type of noise limitation was warranted and the ALJ stated that Dr. Cox's opinion was inconsistent with the overall medical record. However, the ALJ cited no medical record or other evidence to support that conclusion.[3] Without further explanation in this

---

[3] The Commissioner argues that "the ALJ disagreed with the assessed hearing limitation since it is inconsistent with the plaintiff's unremarkable physical exam findings at his consultative examination with Dr. Johnston." Doc. 15 at 14. Dr. Johnston indicated, upon a review of Plaintiff's symptoms, that Plaintiff had difficulty hearing and ringing in his ears. However, it does not appear that Dr. Johnston's physical examination encompassed Plaintiff's purported hearing loss. See AR 400-405. Further, to the extent the Commissioner cites other medical records to support the ALJ's finding that Plaintiff had no functional limitations related to his hearing, the Court is limited to the reasoning set forth by the ALJ. See Kirk v. Comm'r of Soc. Sec. Admin., 987 F.3d 314, 321 (4th Cir. 2021) (noting courts may not accept counsel's post hoc rationalizations for agency action; rather, such action must be upheld, if at all, on the basis articulated by the agency itself (citations omitted); Ware v. Astrue, No. 5:11-CV-446-D, 2012 WL 6645000, at *3 (E.D.N.C. Dec. 20, 2012) (citation omitted) ("The court cannot supplement the ALJ's explanation with the Commissioner's legal arguments in this court").

regard, it is not clear that the ALJ sufficiently considered Plaintiff's non-severe limitation of hearing loss when developing Plaintiff's RFC.[4]

In light of this conclusion, the undersigned does not reach Plaintiff's argument regarding the ALJ's consideration of Dr. Ghaussey's opinion.

## VI. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment (Doc. 12) is **GRANTED**, and the Commissioner's Motion for Judgment on the Pleading (Doc. 14) is **DENIED**.

Signed: October 5, 2021

W. Carleton Metcalf
United States Magistrate Judge

---

[4] The representative jobs upon which the ALJ relied in finding Plaintiff was not disabled all indicate a noise level of "Level 3 – Moderate." Dictionary of Occupational Titles ("DICOT") 726.687-010 (G.P.O.), 1991 WL 679633 (Electronics Worker); DICOT 211.462-010 (G.P.O.), 1991 WL 671840 (Cashier II); DICOT 249.366-010 (G.P.O.), 1991 WL 672323 (Counter Clerk). The ALJ did not consider any functional limitations with respect to exposure to noise and did not ask the vocational expert whether the need to avoid even moderate exposure to noise would conflict with these occupations.