IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00204-WCM

| | |
|---|---|
| PATRICK ERNEST SNEED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Motion," Doc. 18).

Under the Equal Access to Justice Act ("EAJA"), the Court must award attorney's fees to a prevailing party in a civil action brought against the United States unless the Court finds that the Government's position was "substantially justified" or that "special circumstances" would make such an award unjust. 28 U.S.C. § 2412(d)(1)(A). Because the Court ordered that this case be remanded to the Social Security Administration, Plaintiff is properly considered a "prevailing party" in this action. See Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625, 2635, 125 L.Ed.2d 239 (1993); Docs. 16 & 17.

An award of attorney's fees under the EAJA must be "reasonable." 28

1

U.S.C. § 2412(b). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

The Motion indicates that Plaintiff seeks $4,594.41 in attorney's fees and $423.00 in costs and expenses.[1] Doc. 18.

On January 12, 2022, the parties filed a Stipulation for Payment of Attorney's Fees (the "Stipulation"), stating that Defendant will pay Plaintiff $4,365.00 in attorney's fees "in full satisfaction of all claims arising under" the EAJA, as well as $417.25 in costs. Doc. 21.

Plaintiff's counsel has also submitted summaries of time spent on and expenses and costs incurred in this civil action. Docs. 19-2, 19-3, 19-4, 19-5.

After review and consideration of the Motion, the supporting documents, the Stipulation, and applicable authority, the Court will grant the Motion in part and award Plaintiff the amounts set out in the Stipulation.

---

[1] Although the definition of "fees and expenses" under the EAJA does not include filing fees, see 28 U.S.C. § 2412(d)(2)(A), fees of the Clerk may be taxed as costs under 28 U.S.C. § 1920, and the cost statute is expressly incorporated into § 2412(a)(1).

2

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. 18) is **GRANTED IN PART** and Plaintiff is awarded attorney's fees in the amount of $4,365.00 and costs and expenses in the amount of $417.25 ("Fee Award").

(2) As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

   a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of the Fee Award.

   b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed: January 12, 2022

W. Carleton Metcalf
United States Magistrate Judge